UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PARKER'S MODEL T, a Nevada Corporation; THE HOLDER GROUP EL CAPITAN, INC., a Nevada Corporation; SILVER CLUB, a Nevada Domestic Corporation and THE HOLDER GROUP ELKO, LLC., a Nevada Limited Liability Company;

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as conservator and receiver of the FIRST NATIONAL BANK OF NEVADA; PHILLIP POTAMITIS and ASHAN S. PERERA,

    Defendants.

3:10-CV-00791-LRH-GWF

ORDER

    Before the court are Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss (#33[1]) and Defendants Phillip Potamitis and Ashan S. Perera's (the "Individual Defendants") Motion to Dismiss and Joinder in FDIC Motion to Dismiss (#37). Plaintiffs filed a consolidated response and, in the alternative, motion for leave to amend (#40), and separate replies were filed by the FDIC (#44) and the Individual Defendants (#45).

---

[1]Refers to the court's docket entry number.

## I. Facts and Procedural History

This action arises out of a $33 million credit agreement between Plaintiffs and First National Bank of Nevada ("FNB") and FNB's subsequent failure and takeover by the FDIC. The various Plaintiffs are all owners and operators of gaming facilities and related real estate located in Northern Nevada and are related by common ownership by The Holder Group, LLC. Plaintiffs took out the loan in July 2007. One year later, on July 25, 2007, FNB failed and the FDIC was appointed as receiver, taking control over most of FNB's assets, including the loan to Plaintiffs. Individual Defendants Potamitis and Perera are alleged to have been employed by the FNB prior to its failure, thereafter by the FDIC to assist and advise on the disposition of loans made by FNB, and then by Mutual of Omaha, the bank that took over FNB's deposits.

On December 20, 2010, Plaintiffs filed this action asserting two causes of action under Nevada law. The first claim for relief is asserted against the FDIC for breach of the implied covenant of good faith and fair dealing, based on the FDIC's actions as receiver in the handling and sale to a third party of Plaintiffs' debt obligations after FNB's failure. The second claim for relief is asserted against the Individual Defendants for intentional interference with contractual relations, based on their actions in regard to Plaintiff's loan both before and after FNB's failure. Plaintiffs allege that this court has federal question jurisdiction over the first claim for relief against the FDIC pursuant to 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331, and supplemental jurisdiction over their second claim against the Individual Defendants.

On May 22, 2011, the FDIC moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The FDIC contends that the court lacks subject matter jurisdiction because Plaintiffs fail to allege exhaustion of administrative remedies and because they lack standing, and that in any event the complaint fails to state a claim. On May 31, 2011, the Individual Defendants joined the FDIC's motion and likewise moved to dismiss the complaint based on lack of federal question and supplemental jurisdiction and for failure to state a claim for

intentional interference with contractual relations.

In opposition, Plaintiffs concede they failed to allege exhaustion of administrative remedies, but they contend the point is moot and present evidence of such exhaustion. Specifically, Plaintiffs present the affidavit of Harold D. Holder, the primary owner and CEO of The Holder Group, LLC, who avers that he personally presented his claim to the FDIC in May 2009, he met with FDIC representatives in July 2009 and was informed the FDIC would fully investigate his complaint, he was in regular contact with FDIC attorneys and investigators through September 2010, and he filed this action after it became apparent to him in the fall of 2010 that the FDIC would not resolve his complaint. Plaintiffs also request leave to amend should any of their claims be dismissed.

In reply, the FDIC concurs that it conducted an investigation into the handling of Plaintiffs' loan, but it presents documentary evidence that it notified Holder's counsel in July 2009 regarding the results of its investigation and its finding that no improper conduct occurred. Furthermore, after Holder continued to submit his complaints and materials, the FDIC notified him on November 18, 2009, that "the FDIC will not take further action regarding the sale of your loan." Based on this evidence, the FDIC contends that amending the complaint would be futile because, even if Plaintiffs properly exhausted administrative remedies, this action is untimely under the 60-day limitations period of 12 U.S.C. § 1821(d)(6) and therefore remains barred by § 1821(d)(13)(D).

**II.    Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may present either a facial or factual attack. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the pleadings without converting the

motion to dismiss into a motion for summary judgment. *Id.*

Where a plaintiff invokes the court's federal question jurisdiction, the plaintiff bears the burden of establishing federal subject matter jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**III.   Discussion**

Subject to only certain statutorily defined exceptions, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) generally prohibits judicial review of claims against the FDIC as receiver, subject to only certain statutorily defined exceptions. *See* 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction . . . ."). Relevant here, FIRREA permits judicial review only after exhaustion of the administrative claims process and within the time period specified by § 1821(d)(6). *See McCarthy v. FDIC*, 348 F.3d 1075, 1077-78 (9th Cir. 2003). That section requires an action to be filed within 60 days of either (1) the end of the 180-day period in which the FDIC is required under subsection (5)(A)(i) to determine whether to allow or disallow a claim, or (2) the date of a notice of disallowance, whichever is earlier. 12 U.S.C. § 1821(d)(6)(A). If the claimant fails to comply with these deadlines, "the claim shall be disallowed . . . , such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." *Id.* § 1821(d)(6)(B).

In response to the FDIC's facial challenge, Plaintiffs concede they failed to allege exhaustion of administrative remedies in the complaint. Accordingly, Plaintiffs' claim against the FDIC must be dismissed for lack of subject matter jurisdiction. *See McCarthy*, 348 F.3d at 1081. Moreover, the complaint must be dismissed in its entirety, including Plaintiffs' pendent state law claim against the Individual Defendants. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Although a court retains discretion to exercise supplemental jurisdiction over pendent state law claims after dismissing a federal claim under Rule 12(b)(6), the court retains no such discretion

4

following dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See id.*

Turning to Plaintiffs' motion for leave to amend, Plaintiffs' evidentiary submission in support of its motion and the FDIC's response essentially present a factual challenge to this court's subject matter jurisdiction. Considering the matter as such, the court finds that Plaintiffs have failed to carry their burden of establishing jurisdiction and that leave to amend would be futile. According to the evidence submitted by the FDIC, Holder's complaint regarding the sale of the FNB loan was disallowed on July 22, 2009, or at the latest on November 18, 2009, placing the filing of this action in December 2010 well beyond the 60-day limitations period under § 1821(d)(6). Furthermore, even if the FDIC's evidence were disregarded, Plaintiff's own evidence establishes that Holder's complaint was submitted in May 1999, or at the latest on June 11, 1999. Even using the later date and assuming that Holder never received proper notice of disallowance from the FDIC, the claim would have been statutorily deemed disallowed and the statute of limitations would have expired 240 days later (180 days under paragraph (5)(A)(i) plus 60 days), again well before the December 2010 filing date. *See* 12 U.S.C. § 1821(d)(6). The action is therefore untimely and this court lacks jurisdiction. *See id.* § 1281(d)(6)(B), (13)(D).

IT IS THEREFORE ORDERED that Defendant FDIC's Motion to Dismiss (#33) and Defendants Potamitis and Perera's Motion to Dismiss and Joinder in FDIC Motion to Dismiss (#37) are hereby GRANTED without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (#40) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE