UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PARKER'S MODEL T, et al.,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,

    Defendants.

3:10-CV-00791-LRH-GWF

ORDER

    Before the court is Plaintiffs' Motion Pursuant to Rule 59 for Reconsideration (#49[1]) of this court's Order (#48) of February 2, 2012, granting Defendants' motions to dismiss for lack of subject matter jurisdiction and denying leave to amend. Defendant Federal Deposit Insurance Corporation's ("FDIC") filed an opposition (#51), in which Defendants Phillip Potamitis and Ashan S. Perera joined (#52). Plaintiffs did not file a reply.

    A district court may alter or amend a judgment under Rule 59(e) where the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here,

    Plaintiffs contend the court erred in denying leave to amend based on the conclusion that

---

[1]Refers to the court's docket entry number.

Plaintiff's action is untimely under FIRREA and therefore the court lacks subject matter jurisdiction. Plaintiffs argue that the court failed to consider that equitable tolling might extend the statute of limitations and that leave to amend therefore should have been granted. This argument fails to establish any clear error or manifest injustice in the court's denial of leave to amend, however, as equitable tolling is inapplicable as a matter of law to FIRREA's statute of limitations, which is expressly jurisdictional. *See* 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction . . . ."); *Marley v. United States*, 567 F.3d 1030, 1035 (9th Cir. 2009) ("If the time limit is 'jurisdictional,' we can apply neither equitable estoppel nor equitable tolling to save Plaintiff's case."); *Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994) ("We read the claims bar date [of FIRREA] to be a jurisdictional requirement."); *Galvez v. Valley Capital Bank, N.A.*, 2011 WL 2552729, *4 (D. Ariz. June 28, 2011) ("[T]his Court cannot exercise its discretion in enlarging, liberally construing, or equitably tolling FIRREA's statue of limitations because subject matter jurisdiction limits are not subject to these equitable defenses.").

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (#49) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE